IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY A. HOSKINS,<br>Plaintiff,<br>For Hiltasha Hoskins | § § § § | |
| v. | § § | No. |
| DALLAS INDEPENDENT<br>SCHOOL DISTRICT,<br>(Skyline High School)<br>Defendant | § § § § | 3-05 CV - 2042 K |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 1 4 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT

1. COMES NOW Plaintiff complaining of Defendant and brings this action for declaratory relief, injunctive relief and damages and to secure protection of and to redress deprivation of rights, secured by The Individuals with Disabilities Education Act (IDEA), passed in 1990 and as amended, requires schools and all school personnel to provide appropriate education in the least restrictive environment for children (birth through age 21) with disabling conditions.

### JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq., as amended.

3. The unlawful education practices were committed in the Northern District of Texas, Dallas division.

**MARY A. HOSKINS COMPLAINT – PAGE 1**

4. Plaintiff is the mother of a sixteen-year old Black female citizen of the United States and a resident of the county of Dallas, State of Texas.

5. Defendant is a legally constituted independent school district within the State of Texas organized and existing under the laws of the State of Texas, and maintains its educational facility in Dallas County, State of Texas.

6. The plaintiff's daughter attends Dallas ISD, a legally constituted independent school district within the State of Texas and is entitled to special education services pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq., as amended. The plaintiff's daughter is eligible for special education as a student with an emotional disturbance and other health impairment. *Bd. Of Educ. V. Rowley, 458 U.S. 176 (1982).*

7. Dr. Sarah Nuche, Licensed Specialist in School Psychology (L.S.S.P.), is on the School District evaluators list. She performed an independent neuropsychological evaluation of plaintiff's daughter on January 4 and 6, 2005. Doctor Nuche stated at the present time plaintiff's daughter emotional symptoms appear to meet TEA criteria for an Emotional Disturbance.

8. On February 21, 2005 plaintiff's daughter was diagnosed at Texas Scottish Rite Hospital by Daniel J. Sucato, M.D. M.S. with Scoliosis and back pain due to carrying a heavy backpack.

9. On March 28, 2005, Dr. Raymond R. Johnson diagnosed plaintiff's daughter with Other Health Impairments (OHI) Attention Deficit Disorder – Severe. He put her on a small dose of Ritalin (10mg). Plaintiff's daughter had a follow-up appointment on April 11, 2005 and had a very good response to the medicine.

**MARY A. HOSKINS COMPLAINT – PAGE 2**

10. L.F. Sharp, the school nurse received medical records on May 26, 2005 from plaintiff about her daughter, but did not submit them for the due process hearing.

## ADMINISTRATIVE PROCEDURES

11. On or about July 19, 2005, Plaintiff received the decision of Janis Herd (Special Education Hearing Officer) based upon a preponderance of the evidence and the foregoing findings of facts and conclusions of law, it was hereby **ORDERED** that the relief requested by Petitioner was **GRANTED IN PART** and **DENIED IN PART**. Petitioner's daughter was entitled to compensatory relief; however, Petitioner's request to have her daughter reclassified as a junior was **DENIED.**

## STATEMENT OF THE CASE

12. The Plaintiff requested a due process hearing to the Texas Education Agency on or about November 6, 2004 pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq., as amended. The issues for hearing were as follows:

1) Whether the district timely evaluated plaintiff's daughter for special education;
2) Whether the district timely identified the plaintiff's daughter as eligible for special education;
3) Whether the district timely provided plaintiff's daughter with appropriate special education services;
4) Whether the alleged violations contributed to plaintiff's daughter failing numerous classes and retention in ninth grade and denied her a free appropriate public education (FAPE).

## STATEMENT OF THE CLAIM

13. The Plaintiff's request for hearing was received by the Texas Commissioner of

Education on November 12, 2004, and was received by the Hearing Officer on November 15, 2004. Petitioner appeared *pro se*, with her mother, Mary A. Hoskins, as next friend. Respondent was represented by Joni Jalloh.

14. Telephone prehearing conferences were held on November 30, 2004, and February 23, 2005, but plaintiff filed a motion for the conferences and witnesses to be banned from the due process hearing on June 14, 2005.

15. Joni Jalloh did not disclose the witnesses before the pre-conference hearings. The Witnesses were Joyce Faulks-Jackson (Director of Special Education Dallas ISD, Area 5), Leslie Williams (Principal, Skyline High School), and Michael Milstead (Critical Case Coordinator Dallas ISD).

16. Joyce Faulks-Jackson, Leslie Williams, Dorothy Johnson and Rosalind Ferguson Testified at the Due Process Hearing. Michael Milstead (Critical Case Coordinator- Special Education Department) showed up at the hearing, but he didn't testify. Joni Jalloh's Paralegal Specialist, Tamara Jordan appeared at the hearing, but wasn't her representative. Joyce Faulks- Jackson was Joni Jalloh representative. The twenty-four other witnesses didn't appear at the hearing and didn't call in for the hearing.

17. The (ARDC)[1] qualified plaintiff's daughter as eligible for special education due to an emotional disturbance (ED) on February 14, 2005. The plaintiff and defendant requested a continuance to allow time for the plaintiff to obtain medical documentation to support possible eligibility under the health impairment (OHI) and for the ARDC to reconvene and develop an individualized education program (IEP). The continuance was granted.

18. Subsequently, defendant filed a Motion to Dismiss arguing that no justifiable

---

[1] ARDC (Admission, Review, and Dismissal Committee)

**MARY A. HOSKINS COMPLAINT – PAGE 4**

issues remained for hearing. The Motion to Dismiss was denied. Defendant requested a continuance to allow additional time to resolve the issues. The continuance was granted and the hearing was reset to June 14, 2005. The Decision due date was extended accordingly.

19. The hearing was held on June 14, 2005. The Decision due date was extended by agreement of the petitioner and defendant to July 19, 2005, and was issued on that date.

20. The defendant did not evaluate the plaintiff's daughter until approximately eleven months after the plaintiff first requested a special education evaluation.

21. When the plaintiff's daughter was finally evaluated in July 2004, the district's FIE failed to identify the emotional disturbance and the independent evaluation which qualified her for special education was not completed until February 2005. The plaintiff's daughter first IEPs were drafted in March 2005, approximately nineteen months after the plaintiff first requested an evaluation.

22. The plaintiff's daughter was denied a (FAPE)[2]. By the time the plaintiff's daughter received her first IEPs[3] in March 2005, she was failing regular ninth grade for the second time due to lack of appropriate special education services and placement. Further, the academic IEPs drafted in March 2005 were inappropriate. They were not based on assessment data or classroom performance, were too advanced for her academic abilities, and resulted in continued failing grades. In addition, the plaintiff's daughter was not provided a study skill IEP to address her ADD and organization problems, or a social skill IEP to address her severe difficulties with speaking to teachers and peers, as recommended by the independent evaluator.

---

[2] FAPE (Free Appropriate Public Education)

[3] IEP (Individualized Education Program)

**MARY A. HOSKINS COMPLAINT – PAGE 5**

23. The plaintiff's daughter did not receive special education modifications for at least six school days in her 2005 summer school classes.

24. As a result of Defendant's aforementioned practices, Plaintiff's request to have Her daughter reclassified as a junior was denied.

25. As a result of the Defendant's aforementioned unlawful acts, Plaintiff's daughter has suffered humiliation, embarrassment, mental and emotional distress and anguish and loss of self esteem.

26. Furthermore, aforesaid unlawful acts of the Defendant were done willfully, Maliciously and with reckless disregard of the Plaintiff's daughter's rights of a student with disabilities and retaliation on the basis of having several disabilities.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of the court as provided in The Individuals with Disabilities Education Act (IDEA), passed in 1990 and as amended and prays for the following:

1. Damages from humiliation, embarrassment, mental and emotional distress and anguish and loss of self-esteem in the sum of three hundred thousand dollars.
2. Punitive damages in the amount of three hundred thousand dollars.
3. For such other general relief in which Plaintiff's daughter shows herself justly entitled and to be reclassified as a junior.

Respectfully Submitted,

**MARY A. HOSKINS COMPLAINT – PAGE 6**

*Mary A. Hoskins* (signature)

Mary A. Hoskins
3802 Frank St.
Dallas, Texas 75210
(214) 421-3927
Pro Se

**MARY A. HOSKINS COMPLAINT – PAGE 7**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

3-05CV-2042K

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

## I. (a) PLAINTIFFS
Mary A. Hoskins
For HiHasha Hoskins

## DEFENDANTS
Dallas Independent School District
(Skyline High School)

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED OCT 14 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number): N/A Pro Se

Attorneys (If Known): Joni Jalloh

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Jurisdiction of this Court is invoked pursuant to The Individuals with Disabilities Education Act as Amended.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 600,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 10-14-05

SIGNATURE OF ATTORNEY OF RECORD: Mary A. Hoskins (Pro Se)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____